Kenneth H. SCHLOMANN, Appellant,

v.

Daniel T. RAMSDELL and John H. Wright, Appellees.

No. 83–1685.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 30, 1983.

Decided Nov. 1, 1983.

Rehearing Denied Dec. 1, 1983.

Daniel T. Ramsdell, Springfield, Mo., pro se.

Before HEANEY, BRIGHT and McMILLIAN, Circuit Judges.

PER CURIAM.

Kenneth H. Schlomann appeals the denial of his motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b). We affirm.

On November 24, 1981, Schlomann filed pro se a "complaint for negligence" against two private attorneys. According to Schlomann, he had contracted with these attorneys to represent him in a petition for a

writ of habeas corpus and a negligence action against prison officials, but they had failed to fulfill the terms of the contract. His complaint requested the reimbursement of a $750 fee he had paid the attorneys, plus $8,000 for the mental anguish he allegedly suffered while waiting in vain for his attorneys to act and $2,750 in punitive damages.

On October 7, 1982, the district court dismissed Schlomann's suit for lack of subject matter jurisdiction. The court rejected Schlomann's characterization of his case as a constitutional violation giving rise to federal question jurisdiction under either 28 U.S.C. § 1331 or 28 U.S.C. § 1343. The court further found that the amount in controversy was less than what is required for diversity jurisdiction under 28 U.S.C. § 1332, because the allegations in the complaint "would not support an award of punitive damages, nor is there adequate foundation for the claim of mental anguish." Schlomann did not appeal the dismissal. On April 18, 1983, Schlomann moved the district court for relief from judgment under Rule 60(b). The district court denied that motion, and this appeal followed.

 In reviewing the denial of a 60(b) motion, this Court is limited to an abuse of discretion standard. *Browder v. Director, Department of Corrections,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978); *Lang v. Wyrick,* 590 F.2d 257, 259 (8th Cir.1978). After carefully examining the briefs and the record in this case, we conclude the district court did not abuse its discretion in refusing to set aside the dismissal order. Schlomann does not allege a conspiracy by prison officials and his retained attorneys to prevent him from pursuing his causes of action. His complaint in substance alleges malpractice and breach of contract, neither of which are actions arising under the Constitution or laws of the United States. Nor can this action be based on diversity jurisdiction. Although the record does not convince us that Schlomann has not alleged an adequate basis for his claim of mental anguish and punitive damages, he has not pleaded diversity of citizenship and it appears from the record that all parties are citizens of Missouri. Accordingly, the district court's judgment is affirmed.