**Tommy Lee THOMPSON, Appellant,**

v.

**Vernon HOUSEWRIGHT, Director, Arkansas Department of Correction, Appellee.**

**No. 83–1958.**

United States Court of Appeals, Eighth Circuit.

Submitted May 16, 1984.

Decided Aug. 23, 1984.

Wendell L. Griffen, Little Rock, Ark., for appellant.

Alice Ann Burns, Deputy Atty. Gen., Little Rock, Ark., for appellee.

Before HEANEY, BRIGHT and AR-NOLD, Circuit Judges.

ARNOLD, Circuit Judge.

Tommy Lee Thompson, a state prisoner, appeals the District Court's dismissal of his petition for writ of habeas corpus. The only issue he raises on appeal is that the District Court erred by not providing him with a transcript of his entire state trial. Thompson argues that he needed the transcript in order to show that he did not receive effective assistance of counsel dur-

ing his state trial. We agree and therefore reverse and remand.

## I.

On March 21, 1974, Thompson was convicted in the Circuit Court of Lee County, Arkansas, of assault with intent to rob, burglary, and rape. He was sentenced to three years for assault with intent to rob, ten years for burglary, and sixty years for rape. His court-appointed counsel was relieved after sentencing.

On August 6, 1974, Thompson filed a *pro se* request in state court for the transcript of his state trial, and on March 19, 1976, he filed *pro se* a motion for belated appeal. The state's criminal docket sheet shows no action taken on those motions. On March 10, 1978, Thompson filed a *pro se* motion for post-conviction relief pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure. The motion was denied. Thompson then, on December 10, 1979, filed this petition for writ of habeas corpus.[1]

Thompson filed a *pro se* Motion for Designation of the Record on November 6, 1980. The magistrate to whom the case had been referred ordered production of the "portion of the trial record beginning with announcement of sentence by the judge through adjournment of court." On December 4, 1980, Thompson filed a *pro se* Motion to Produce Transcript, seeking the transcript of the entire state trial.

An evidentiary hearing was held on March 4, 1981. The magistrate issued recommended findings, which the District Court adopted without a hearing. The magistrate's recommendation did not address Thompson's claim of ineffective assistance of counsel during his state trial or his motion to produce the state trial transcript. It dismissed his other claims as frivolous.

## II.

In *Griffin v. Illinois*, 351 U.S. 12, 19, 76 S.Ct. 585, 590, 100 L.Ed. 891 (1956) (plurality opinion) the Supreme Court held

---

**1.** The state concedes that Thompson has exhausted his state remedies.

that "[d]estitute defendants must be afforded as adequate appellate review as defendants who have money enough to buy transcripts." *Lane v. Brown,* 372 U.S. 477, 484, 83 S.Ct. 768, 772, 9 L.Ed.2d 892 (1963) extended "the *Griffin* principle [to] appl[y] to state collateral proceedings." Indigents must be furnished a copy of the transcript for appellate review of an adverse decision in post-conviction proceedings. *Long v. District Court,* 385 U.S. 192, 87 S.Ct. 362, 17 L.Ed.2d 290 (1966) (per curiam). This principle is equally applicable to proceedings in federal courts collaterally attacking state convictions, and we do not understand the state to contend otherwise in the present case.

■ Indigents, however, cannot obtain transcripts merely to search for grounds for relief. *Bonner v. Henderson,* 517 F.2d 135 (5th Cir.1975) (per curiam). "The district court has the power to order a free transcript furnished [for an indigent] if it finds that the 'suit ... is not frivolous and that the transcript is needed to decide the issue presented....'" *United States v. MacCollom,* 426 U.S. 317, 325, 96 S.Ct. 2086, 2091, 48 L.Ed.2d 666 (1976) (plurality opinion) (quoting 28 U.S.C. § 753(f)). The cause is frivolous "if the petitioner can make no rational argument in law or facts to support his claim for relief." *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir.1983) (defining frivolous in context of determining whether to allow habeas petitioner to proceed *in forma pauperis*).

The state argues that Thompson was given the only part of the transcript that was relevant to the issue he raised before the District Court. It asserts that the only issue Thompson raised was whether his counsel was ineffective because she failed to appeal Thompson's conviction or inform Thompson of his right to appeal. The record shows, however, that Thompson's claim for ineffective assistance raised other issues than simply his right to appeal.

■ In his *pro se* habeas petition, he alleged: "my trial attorney ... didn't represent me in all aspects in presenting my case to the best of her knowledge facts and

beliefs." This assertion, on its face, alleges more than ineffectiveness because of a failure to appeal. It is broad enough to encompass all aspects of counsel's performance, and it is our duty to construe *pro se* pleadings liberally. In Thompson's *pro se* Motion for Designation of Record filed November 6, he said he needed the record of "the intire [sic] proceeding of *Tommy Lee Thompson v. State of Arkansas.*" In the December 4 Motion to Produce Transcript, he requested the record and transcript, including:

the complete opening statements by both gene raff [sic] prosecuting attorney, for the state to the jury and his attorney of record Ms. Sharon b. [sic] Miller opening statements for the defense. The complete testimony, and evidence of every witness which was presented in cases number 7289, 7290, 7291 at his trial until the jury reached it's [sic] verdict and renderring [sic] that decision to the circuit court, on March 21, 1974 by Lee County in Marianna, Arkansas 72360 inquires [sic] it to be transferred to the United States district court [sic], for the eastern district [sic] of Arkansas in Little rock, arkansas [sic] 72203.

And in the hearing before the magistrate, Thompson complained that Ms. Miller did not cross-examine prosecuting witnesses concerning their identification of him; the sheriff concerning fingerprint findings; and the physician who examined the prosecuting witness concerning injuries the witness supposedly sustained. Tr. 30–33. It is difficult, if not impossible, to know whether these claims have any merit without reading the transcript of the trial.

In short, Thompson raised the issue of ineffective assistance of counsel during his state trial several times below in his habeas case. The state argues that an amended petition should have been filed in accordance with Fed.R.Civ.P. 15(a). There was no need to file an amended petition, because the issue had been raised already. The state also argues that Thompson's state petition is almost identical to his federal petition, and that since the issue was

not raised in the state court, he is barred from raising it in a federal petition. The same words, however, that we have found in the federal petition to state Thompson's claim are also located in the state petition. Thus, he did sufficiently raise the issue of ineffectiveness at trial in state court.

### III.

██ Having decided that the claim of ineffective assistance of counsel during trial was raised below, we must next decide whether the claim is frivolous on its face. Thompson argues that his counsel was ineffective at trial:

> (1) by failing to seek a change of venue given the state of racial tension that existed in Lee County, Arkansas, at the time of his trial and in view of the fact that he was a black man charged with the rape of a white woman; (2) by failing to seek suppression of the identification made of him by the prosecuting witnesses; (3) by failing to vigorously cross-examine prosecution witnesses; (4) by failing to object to prejudicial opinion evidence; and (5) by failing to inform Thompson of his appeal rights.

Appellant's Brief at p. 12.

A review of the record and the transcript is necessarily the only way to determine the weakness of the identification of petitioner by the witnesses, the manner of the cross-examination of prosecution witnesses, and the prejudicial nature of the opinion evidence. On its face, Thompson's claim is not frivolous. Depending on the extent of the alleged errors, Thompson may very well be able to make a "rational argument ... to support his claim for relief." *Corgain, supra*, 708 F.2d at 1247.

The judgment is reversed, and the cause remanded to the District Court for further proceedings consistent with this opinion. We certify that the suit is not frivolous (at least not on the present record) but presents a substantial question, and that a transcript is needed to decide the issues presented. The United States will therefore pay for the transcript. See 28 U.S.C. § 753(f). We thank Thompson's appointed counsel in this Court for his diligent service.

It is so ordered.