**Timothy ELING, et al., Appellants,**

v.

**C. Paul JONES, Minnesota Public Defender, Appellee.**

**No. 85–5353.**

United States Court of Appeals, Eighth Circuit.

Submitted June 10, 1986.

Decided Aug. 8, 1986.

Rehearing and Rehearing En Banc Denied Sept. 8, 1986.

Douglas W. Thomson, St. Paul, Minn., for appellants.

Mark B. Levinger, Sp. Asst. Atty. Gen., St. Paul, Minn., for appellee.

Before ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge, and STROM,* District Judge.

STROM, District Judge.

The appellants appeal, on behalf of themselves and others similarly situated, from the order of the United States District Court for the District of Minnesota granting summary judgment against them.

Appellants, indigent prisoners incarcerated in Minnesota, were represented by the Minnesota State Public Defender's Office on trial and appeal of state court convictions. They allege that they were deprived of constitutional rights arising under the Sixth and Fourteenth Amendments by the refusal of the Public Defender's office to furnish copies of their transcripts to them without cost. The district court found appellants' action was subject to dismissal for lack of state action. We affirm.

I. BACKGROUND

Appellants filed this action against C. Paul Jones, Public Defender, and the State of Minnesota, pursuant to 42 U.S.C. § 1983. They sought declaratory and injunctive relief for deprivation under color of state law of their Sixth Amendment right to adequate assistance of counsel, and Fourteenth Amendment right to equal protection. Appellants were represented by the Public Defender's Office at trial and on appeal of their respective criminal prosecutions. They allege that they requested access to their transcripts prior to preparation by the Public Defender's office of their briefs on appeal and also requested copies of their transcripts after decision on appeal. The Public Defender's office refused to provide copies of the transcripts.

Appellee filed a motion for summary judgment pursuant to Fed.R.Civ.P. 56, asserting that requisite state action is lacking.

The district court found that a public defender does not act "under color of state law" when he or she is performing a lawyer's traditional function as counsel to an indigent defendant in a state criminal proceeding. The district court cited *Polk County v. Dodson*, 454 U.S. 312, 318–19, 102 S.Ct. 445, 449–50, 70 L.Ed.2d 509 (1981), as controlling. This appeal followed.

The district court also dismissed the State of Minnesota, finding that there were no allegations on which to base liability against the State of Minnesota that were separate from those against the public defender. Appellants do not appeal from the summary judgment order dismissing the State of Minnesota.

II. ISSUES

A. State Action

Appellants argue that in denying requests for copies of transcripts, the public defender is performing an administrative function as opposed to a "lawyer's traditional function" and that thus his acts constitute state action. Conduct "under color of state law" is an essential element of an action under 42 U.S.C. § 1983. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908,

---

* The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska, sitting by designation.

1912–13, 68 L.Ed.2d 420 (1981). Appellants assert that the district court failed to give proper consideration to the cases of *Tower v. Glover,* 467 U.S. 914, 104 S.Ct. 2820, 81 L.Ed.2d 758 (1984); and *Branti v. Finkel,* 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980), wherein public defenders have been held liable under § 1983.

In *Tower v. Glover,* 467 U.S. at 914, 104 S.Ct. at 2820, the Supreme Court held only that "an otherwise private person acts 'under color of' state law when engaged in a conspiracy with state officials to deprive another of federal rights." There are no allegations of any such conspiracy in the present case. The case of *Branti v. Finkel,* 445 U.S. 507, 100 S.Ct. 1287, involved an action brought by an attorney employed by the public defender who was discharged for his political beliefs. The Court found that a public defender acted on behalf of the state when making hiring and firing decisions.

In contrast, the actions by the Public Defender herein were taken in his capacity as an attorney; the Public Defender was dealing with appellants as clients. The relationship between appellants and the public defender is that of attorney/client, not employer/employee. The uncontroverted evidence clearly shows that the Public Defender exercised a certain amount of discretion and used professional judgment in deciding not to order copies of the transcripts. Such an exercise of "independent professional judgment in a criminal proceeding" brings the present case squarely within the Supreme Court's holding in *Polk County v. Dodson,* 454 U.S. at 324, 102 S.Ct. at 453.

Appellants also urge the present case is more closely analogous to the cases of *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) and *O'Connor v. Donaldson,* 422 U.S. 563, 95 S.Ct. 2486, 45 L.Ed.2d 396 (1975) than to *Polk County v. Dodson.* Those cases involved state employed doctors who were held liable under § 1983 for custodial and supervisory functions. The cases were adequately distinguished in *Polk,* 454 U.S. at 320, 102 S.Ct. at 450–51. The same distinctions apply here and need not be discussed.

## B. Right to Transcript

The Public Defender contends, as an alternative ground for affirmance, that appellants have no constitutional right to copies of their transcripts. The district court did not reach the issue, nor is it addressed in appellant's brief. In light of our holding that requisite state action is lacking, we need not resolve that issue.

However, it is certainly true that in many cases an indigent has a constitutional right to access to his transcript. *See Thompson v. Housewright,* 741 F.2d 213, 215 (8th Cir.1984). The United States Supreme Court has held that a state may not confide to a public defender the final decision as to whether a transcript shall be available to a criminal defendant who collaterally attacks his conviction. *Lane v. Brown,* 372 U.S. 477, 485, 83 S.Ct. 768, 773, 9 L.Ed.2d 892 (1963). While we have found the decision to not furnish a transcript falls within the attorney/client relationship and, therefore, does not constitute state action, nevertheless, the court believes the policy of the public defender's office should be reviewed and reconsidered in the light of this court's holding in *Thompson.*

In summary, we do not mean, by our holding today, to sanction the actions of the Public Defender and other state officials in this case. We hold only that the refusal of the public defender's office to furnish free copies of transcripts to indigents does not state a claim under 42 U.S.C. § 1983.

In view of the foregoing, the court finds that the order of the district court should be and hereby is affirmed.