**Kasib Tauheed BILAL, Appellant,**

v.

**Philip E. KAPLAN, Attorney, Little Rock, Arkansas, Appellee.**

**No. 90–1048.**

United States Court of Appeals, Eighth Circuit.

Submitted April 27, 1990.

Decided May 10, 1990.

Kasib Tauheed Bilal, pro se.

No brief filed for appellee.

Before McMILLIAN, FAGG and BOWMAN, Circuit Judges.

PER CURIAM.

Kasib Tauheed Bilal appeals from a final judgment entered in the District Court for the Eastern District of Arkansas dismissing his complaint.[1] For the reasons discussed below, we affirm the judgment of the district court.

On August 2, 1989, Bilal filed a complaint under 42 U.S.C. § 1983 and the

---

1. The Honorable George Howard, Jr., United States District Judge for the Eastern and Western Districts of Arkansas.

"American Bar Association Professional Conduct and Ethics Code" against Philip E. Kaplan, a private attorney. Bilal alluded to a lawsuit which he filed in 1972, against the International Plasterers and Tile Finishers Union. He claimed that Kaplan agreed to represent him but failed to make himself available to Bilal the week before trial and failed to appear in court the day the case was set for trial. He further alleged that Kaplan caused his case to linger in the district court for over seven years, thus ruining his possible professional trade career and causing him great mental strain. Bilal indicated that a district court judge advised him to file a complaint with the Professional Conduct and Ethics Committee of Arkansas, which he did. He stated that no action was taken on that complaint. Bilal asserted that the delay in bringing the instant action was due to his being under a doctor's care immediately following dismissal of the case, and because he had only just learned that an attorney can be sued. He sought monetary damages and his "day in court."

The district court held that diversity jurisdiction was defeated and a federal question was not involved. The court concluded that "the insuperable bars" to relief were that Kaplan was not a state actor and the action was barred by the statute of limitations. Judgment was entered on August 28, 1989.

On September 13, 1989, Bilal filed "Objections and Statement of Necessity" in which he sought to amend his complaint and in which he reiterated his other claims. On November 1, 1989, Bilal filed a motion to compel the district court to respond. On November 21, 1989, the district court issued an order denying Bilal's request to amend his complaint, as well as his motion to compel. On December 20, 1989, Bilal filed a notice of appeal to this court. We shall view Bilal's "Objections and Statement of Necessity" as a Federal Rule of Civil Procedure 60(b) motion. *See Fox v. Brewer*, 620 F.2d 177, 179–80 (8th Cir. 1980).

██ Bilal's pleadings do not establish jurisdiction under 28 U.S.C. § 1331. If the sufficiency of the jurisdictional allegations is challenged by the court or an opposing party, the burden of proof as to the existence of federal jurisdiction is on the party that claims that jurisdiction exists. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936). Moreover, federal court jurisdiction must affirmatively appear clearly and distinctly. The mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts. *See Koll v. Wayzata State Bank*, 397 F.2d 124, 127 (8th Cir.1968).

██ Furthermore, the pleadings fail to state a claim under section 1983. The conduct of counsel, either retained or appointed, in representing clients, does not constitute action under color of state law for purposes of a section 1983 violation. *Harkins v. Eldredge*, 505 F.2d 802, 803 (8th Cir.1974) (per curiam); *see also Eling v. Jones*, 797 F.2d 697, 699 (8th Cir.1986), *cert. denied*, 480 U.S. 917, 107 S.Ct. 1371, 94 L.Ed.2d 687 (1987).

Accordingly, the judgment of dismissal is affirmed. *See* 8th Cir.R. 12(a). Bilal's petition for a writ of mandamus filed January 22, 1990, is denied.