943 F.2d 51
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William GROSECLOSE, Plaintiff-Appellant,
v.
Cletus McWILLIAMS, Executive Secretary of the Tennessee
Supreme Court, Defendant-Appellee.
 No. 89-6536.
 United States Court of Appeals, Sixth Circuit.
 Sept. 5, 1991.
 
 Before NATHANIEL R. JONES and SUHRHEINRICH, Circuit Judges, and TODD, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff William Groseclose appeals from the district court's order denying plaintiff's request for declaratory injunctive relief in his 42 U.S.C. § 1983 action. Specifically, plaintiff seeks from defendant an accurate and complete transcript of the original proceedings against him in state court. The court, having reviewed the record, the parties' briefs on appeal, and the relevant law; hereby affirms the court's order of June 5, 1989. Since the primary relief sought by plaintiff, a free transcript of closing arguments, ultimately affects his ability to challenge the constitutionality of his conviction, it is clear that plaintiff's claim is more properly brought as a habeas corpus proceeding pursuant to 28 U.S.C. § 2254. Upon filing a habeas corpus action counsel can secure a transcript under 18 U.S.C. § 3006(A)(e) if the court deems such transcripts are necessary for a proper determination of the petition; and the United States will therefore pay for the transcript. See 28 U.S.C. § 753(f); Thompson v. Housewright, 741 F.2d 213 (8th Cir.1984) (district court must provide habeas petition with transcript of state trial where petitioner argued that he need transcript to show he did not receive effective assistance of counsel during trial and on its face claim was not frivolous).
 
 
 2
 SO ORDERED.
 
 
 
 *
 The Honorable James D. Todd, District Judge for the Western District of Tennessee, sitting by designation