**Kasib Tauheed BILAL, Appellant,**

v.

**Philip E. KAPLAN, Appellee.**

No. 91–1631.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 29, 1992.

Decided Feb. 12, 1992.

Kasib Tauheed Bilal, pro se.

The appellee was not represented by counsel.

Before McMILLIAN, WOLLMAN and LOKEN, Circuit Judges.

PER CURIAM.

Kasib Tauheed Bilal appeals from a final order entered in the District Court [1] for the Eastern District of Arkansas denying his Fed.R.Civ.P. 60(b) motion for relief from the district court's sua sponte dismissal of his civil rights complaint prior to service of process. We affirm.

In *Bilal v. Kaplan*, 904 F.2d 14 (8th Cir.1990) (per curiam), this court affirmed the district court's dismissal of Bilal's August 1989 civil rights complaint against Philip Kaplan, an attorney Bilal had retained in a 1972 lawsuit. In December 1989 Bilal pro se filed a second complaint against the same attorney, asserting virtually identical allegations. Bilal sought in forma pauperis status. On January 10, 1990, the district court, sua sponte and prior to service of process, dismissed Bilal's second complaint as barred by res judicata. Judgment was entered on January 12, 1990, in conformance with the district court's memorandum and order.

On June 4, 1990, after the time for appeal under Fed.R.App.P. 4(a) had expired, Bilal filed his pro se Rule 60(b)(6) motion.[2] Bilal argued that he was erroneously denied "his day in court [and] the right to defend his claim," and that res judicata was inapplicable because no court had yet ruled on the merits of his original case. On February 28, 1991, the district court reaffirmed its previous conclusions and denied the motion. On March 19, 1991, Bilal filed his notice of appeal from the district court's February 28, 1991, order. For reversal, Bilal argues that the district court's January 1990 sua sponte dismissal, prior to service of process and without notice, violated his due process rights. He also argues that, with regard to his original 1989 lawsuit, the district court improperly concluded that the statute of limitations barred his action.

A court may grant relief from judgment, within one year for mistake, inadvertence, surprise, or excusable neglect, Fed.R.Civ.P. 60(b)(1); newly discovered evidence, *id.* (2); or fraud, misrepresentation or other misconduct of an adverse party, *id.* (3). Rule

---

1. The Honorable Elsijane T. Roy, Senior United States District Judge for the Eastern District of Arkansas.

2. We have liberally construed Bilal's pro se Rule 60(b)(6) motion as a motion seeking relief from judgment under Fed.R.Civ.P. 60(b)(1)–(3), as well as subsection (6), because the motion was filed within one year after the judgment was entered.

60(b)(6) permits a court to grant relief "from a final judgment, order, or proceeding for … any other reason justifying relief from the operation of the judgment." "[T]he language of the 'other reason' clause … vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." *Klapprott v. United States*, 335 U.S. 601, 614–15, 69 S.Ct. 384, 390, 93 L.Ed. 266 (1949). "Rule 60(b)(6) is broadly drafted to give the trial judge discretion, without reference to the one-year limitation imposed [by Rule 60(b)(1)–(3)], to grant relief from judgment in unusual situations." *Fuller v. Quire*, 916 F.2d 358, 361 (6th Cir.1990) (*Fuller*).

In denying Bilal's Rule 60(b) motion, the district court did not abuse its discretion. Bilal argued only that the district court erred as a matter of law in denying him his day in court and dismissing his complaint as barred by res judicata. These claims did not present any of the grounds for relief under Rule 60(b)(1)–(3) or an "unusual situation" warranting relief under Rule 60(b)(6). *See Fuller*, 916 F.2d at 361. Regarding Bilal's remaining appellate arguments, which he failed to raise in his Rule 60(b)(6) motion, we note that "[t]his Court has maintained consistently that 'Rule 60(b) was not intended as a substitute for a direct appeal from an erroneous judgment.'" *Spinar v. South Dakota Bd. of Regents*, 796 F.2d 1060, 1062 (8th Cir.1986) (quoting *Hartman v. Lauchli*, 304 F.2d 431, 432 (8th Cir.1962) and *Fox v. Brewer*, 620 F.2d 177, 180 (8th Cir.1980)).

Accordingly, the district court order denying Bilal's Rule 60(b) motion is affirmed.