962 F.2d 12
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
James JOHNSON, Appellant,
Dennis CORDES, Plaintiff,
v.
L.E. LAGRONE, Warden; Clifford Terry, Assistant Warden;
Gregory Barber, Policy and Procedures, Diagnostic
Unit Arkansas Department of Correction,
Greg Hermon, Appellees.
 No. 92-1163.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 6, 1992.
Filed: May 13, 1992.
 
 Before McMILLIAN, WOLLMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 James Johnson, an Arkansas inmate, appeals from the district court's[1] order denying his motion for reconsideration in this 42 U.S.C. § 1983 action. We affirm.
 
 
 2
 In September 1990, Johnson, an inmate at the Diagnostic Unit of the Arkansas Department of Correction, brought this action against prison officials at the Unit, alleging they violated his constitutional rights by not allowing him to own a typewriter and denying him photocopying privileges. After an evidentiary hearing, the magistrate judge[2] recommended judgment for defendants because they did not control prison policy on typewriters or photocopying. The district court adopted the magistrate judge's recommendation over Johnson's objections and entered judgment for defendants on September 25, 1991.
 
 
 3
 On November 7, 1991, Johnson moved for reconsideration under Federal Rule of Civil Procedure 60(b)(6). He argued defendants lied at the evidentiary hearing; the court and magistrate judge refused to consider administrative regulations Johnson had offered, which indicated that one of the defendants was responsible for deciding what personal property Johnson could own; and the court and magistrate judge discredited his testimony because he is African-American, while crediting the testimony of a white prison official. On January 6, 1992, the district court denied Johnson's motion, concluding that Johnson had not provided it with any newly-discovered evidence or law and that the magistrate judge and the court had correctly resolved the legal and factual issues before them. On January 13, 1992, Johnson appealed the January 6 order.
 
 
 4
 Rule 60(b)(6) permits a court to grant relief "from a final judgment, order, or proceeding for ... any other reason justifying relief from the operation of the judgment." [A]n appeal from the denial of a motion made under Rule 60(b) does not raise the underlying judgment for review; it presents the appellate court only with the question of whether the trial court abused its discretion in ruling on the motion." Sanders v. Clemco Indus., 862 F.2d 161, 169 (8th Cir. 1988). Rule 60(b)(6) gives the trial judge discretion to grant relief from judgment in unusual situations.
 
 
 5
 Bilal v. Kaplan, 956 F.2d 856, 857 (8th Cir. 1992) (per curiam). The district court did not abuse its discretion, because Johnson's claims did not present an unusual situation warranting relief. See id. at 857; Sanders, 862 F.2d at 170.
 
 
 6
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable G. Thomas Eisele, Senior United States District Judge for the District of Arkansas
 
 
 [2]
 The Honorable Jerry W. Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas