978 F.2d 1263
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
James Franklin BEVERLY, Appellant,
v.
William ARMONTROUT, Warden; State of Missouri, Appellees.
James Franklin Beverly, Appellant,
v.
William Armontrout, Warden; State of Missouri, Appellees.
 Nos. 91-3737, 91-3650.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 7, 1992.
Filed: November 6, 1992.
 
 Before MAGILL, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 James Franklin Beverly, a Missouri inmate, appeals from the district court's[1] orders denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254 and denying his motion under Federal Rule of Civil Procedure 60(b). We affirm.
 
 
 2
 Beverly claimed that the amended information charging him with first degree assault and the jury instruction on that charge were fatally defective in that they omitted the essential element "knowingly." The district court held that these claims were procedurally barred. Because analysis of the procedural issues would be complicated and the merits are relatively simple, we proceed directly to the merits. See Thornblad v. Olson, 952 F.2d 1037, 1038 (8th Cir. 1992).
 
 
 3
 "The sufficiency of an information is primarily a question of state law." Wilkerson v. Wyrick, 806 F.2d 161, 164 (8th Cir. 1986), cert. denied, 481 U.S. 1071 (1987). But "due process is denied when a person is convicted without having received fair and reasonable notice of the charge against him. Such denials of due process are cognizable in federal habeas corpus." Id. (citation omitted).
 
 
 4
 The applicable version of the first degree assault statute, Mo. Rev. Stat. § 565.050.1 (1986) (effective Oct. 1, 1984), provides that "[a] person commits the crime of assault in the first degree if he attempts to kill or knowingly causes or attempts to cause serious physical injury to another person" (emphasis added). Section 565.050.2 further provides that first degree assault "is a class B felony unless in the course thereof the actor inflicts serious physical injury on the victim in which case it is a class A felony." The amended information charged that Beverly committed the class B felony of first degree assault in that he "attempted to kill or to cause serious physical injury" to the victim by shooting him. (The victim was shot in the knee.) The "class B felony" designation shows that the State did not seek to charge Beverly with actually inflicting serious physical injury; thus, the statute's "knowingly causes" language was inapplicable. We also note that "attempt" means "to try," and in common usage implies an intentional act.
 
 
 5
 We conclude that the information in this case provided sufficient notice to comply with due process requirements. See Johnson v. Trickey, 882 F.2d 316, 320 (8th Cir. 1989). Beverly has not shown that any error in the jury instruction was a fundamental defect that resulted in a complete miscarriage of justice. See Berrisford v. Wood, 826 F.2d 747, 752 (8th Cir. 1987), cert. denied, 484 U.S. 1016 (1988). Thus, he is not entitled to federal habeas relief. The district court did not abuse its discretion in denying Beverly's Rule 60(b) motion. See Bilal v. Kaplan, 956 F.2d 856, 857 (8th Cir. 1992) (per curiam) (motion did not present "unusual situation" warranting relief under Rule 60(b)(6)).
 
 
 6
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable D. Brook Bartlett, United States District Judge for the Western District of Missouri