985 F.2d 563
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Leon THOMAS, Plaintiff-Appellant,
v.
Susan CARPENTER, In her individual and official capacity
Defendant-Appellee.
 No. 89-3131.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 14, 1992.*
Decided Jan. 12, 1993.
 
 1
 Before FLAUM, MANION and KANNE, Circuit Judges
 
 ORDER
 
 2
 Leon Thomas alleged that the Indiana Public Defender violated his rights to due process and equal protection under the Fourteenth Amendment by failing (1) to provide him with the transcripts of a state habeas corpus proceeding, and (2) to assist in the filing of a state postconviction proceeding. Thomas sought injunctive relief and money damages under 42 U.S.C. § 1983. The district court denied him leave to proceed in forma pauperis (IFP) and dismissed the complaint pursuant to 28 U.S.C. § 1915(d). He appeals pro se, and we affirm.
 
 I.
 
 3
 Thomas contends that the public defender violated his constitutional rights by refusing to comply with an order issued by the Supreme Court of Indiana on July 8, 1988 in response to his filing, styled "Permission To Withdrawl Trial Transcript, Habeas Corpus Hearing Transcripts" [sic]. The supreme court noted in this order that it had affirmed Thomas's criminal conviction and that no one had filed a petition for rehearing on his behalf. The order, which directs the public defender to provide Thomas with the record of proceedings "in the above-captioned cause", refers to the criminal proceedings, but not any habeas corpus hearing. The record contains no reference to when or whether it occurred. Thomas admits that he received a copy of his state court criminal trial transcripts. But he claims that he is missing the state habeas corpus transcripts, which he says the supreme court ordered the public defender to provide.
 
 
 4
 Thomas argues as well that the public defender's alleged refusal to assist him in pursuing postconviction remedies violates his constitutional rights. At the time that Thomas filed his appeal in July of 1990, he claimed that the public defender's refusal to represent him and the putative absence of the transcripts had delayed preparation of a postconviction petition for twenty-two months.
 
 II.
 
 5
 A court must liberally construe the pleadings of pro se litigants. Haines v. Kerner, 404 U.S. 519 (1972). Still, a district court judge may dismiss frivolous IFP claims sua sponte under 28 U.S.C. § 1915(d). A claim is frivolous if the plaintiff cannot formulate any rational argument in law or in fact that would entitle him to relief. Neitzke v. Williams, 490 U.S. 319 (1989); Denton v. Hernandez, 112 S.Ct. 1728 (1992). When a claim is not clearly frivolous, the court should permit it to proceed at least until the stage at which responsive pleadings are required. Neitzke, 490 U.S. at 323. If only some elements of an IFP complaint are frivolous, the district court may permit the plaintiff to proceed to litigation on the meritorious portion of the complaint. House v. Belford, 956 F.2d 711, 718 (7th Cir.1992). We review dismissals under § 1915(d) for abuse of discretion. Denton, supra, 112 S.Ct. at 1734.
 
 
 6
 The district court concluded that Thomas was unable to make any rational argument in law or fact. The viability of a complaint based on section 1983 requires (1) the conduct complained of to have been committed by a person acting under color of state law; and (2) the conduct to have deprived a person of rights, privileges, or immunities secured by the Constitution. Parratt v. Taylor, 451 U.S. 527 (1981), reversed in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Coleman v. Frantz, 754 F.2d 719, 722 (7th Cir.1985). Citing the United States Supreme Court's decision in Polk County v. Dodson, 454 U.S. 312 (1981), the district court correctly observed that a public defender does not act under color of state law when performing the traditional functions of an attorney. Id. at 325. The Court in Polk County cautioned, however, that a public defender can be a state actor "while performing certain administrative and possibly investigative functions." Id. (citing Imbler v. Pachtman, 424 U.S. 409, 430-431, and n. 33 (1976), Branti v. Finkel, 445 U.S. 507 (1980), and Ferri v. Ackerman, 444 U.S. 193, 198 (1979)).
 
 
 7
 Is a public defender's decision to withhold--or provide--transcripts a traditional (read discretionary) function of an attorney, or is it instead an administrative function that would constitute state action? At least one federal appellate court has held that a public defender does not act as an agent of the state when deciding not to provide clients with a transcript. Noting that this type of decision falls within the attorney/client relationship, the Eighth Circuit Court of Appeals categorized the independent professional judgment and discretion exercised by public defenders in such instances as a traditional function, not an administrative one. Eling v. Jones, 797 F.2d 697 (8th Cir.1986), cert. denied, 480 U.S. 917 (1987). While we have not had occasion to address this precise question, we have held that undue delay in the production of trial transcripts--whether or not by design--can violate a defendant's due process rights. United States v. Kimmons, 917 F.2d 1011 (7th Cir.1990). See also Rheuark v. Shaw, 628 F.2d 297 (5th Cir.1980), cert. denied, 450 U.S. 931 (1981); United States v. Antoine, 906 F.2d 1379 (9th Cir.1990), cert. denied, 111 S.Ct. 398 (1990); De Lancy v. Caldwell, 741 F.2d 1246 (10th Cir.1984); Hale v. Lockhart, 903 F.2d 545 (8th Cir.1990).
 
 
 8
 We have not been asked in this appeal to decide whether a public defender's refusal to provide her client with a transcript states a claim under section 1983. And that question need not be resolved today because the first of Thomas's claims--his contention that the public defender ignored the order of the Supreme Court of Indiana--fails on factual rather than legal grounds. Under 28 U.S.C. § 1915(d), judges have "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, supra, 490 U.S. at 327. The Indiana Supreme Court's order makes no reference to the transcripts of a state habeas corpus hearing, or any such hearing for that matter. Nor have we discovered anything in the record confirming that a habeas hearing ever took place. If in fact a state habeas proceeding occurred, it is unclear from the record whether the public defender would have access to the hearing transcripts. Be that as it may, we do not read the supreme court order as requiring the public defender to turn over to Thomas anything other than the record of the criminal proceedings. Because the facts alleged by Thomas to the contrary appear to be "fanciful"--and therefore "clearly baseless", Denton, supra, 112 S.Ct. at 1733--the district court did not abuse its discretion in dismissing Thomas's complaint. Based on the record before the court, the claim regarding transcripts was factually frivolous.
 
 
 9
 Thomas's claim that the public defender violated his constitutional rights by failing to seek postconviction remedies is disposable as well--this one because it is legally frivolous. A convicted defendant has no constitutional right to counsel after direct appeal. Coleman v. Thompson, 111 S.Ct. 2546, 2568 (1991); Pennsylvania v. Finley, 481 U.S. 551 (1987).
 
 
 10
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record