5 F.3d 545
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 James Franklin BROWN, Plaintiff-Appellant,
v.
John T. LANGDON, Judge; Leonard D. Munker, Attorney,
Barbara L. Lauer, Attorney; Dave Gosar, Attorney,
Defendants-Appellees.
 No. 93-8013.
 United States Court of Appeals, Tenth Circuit.
 
 Before LOGAN, MOORE and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 Sept. 24, 1993.
 
 
 2
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 3
 Mr. Brown, a pro se litigant and state inmate, appeals the decisions of the district court dismissing his 42 U.S.C.1983 complaint.
 
 
 4
 Mr. Brown filed a complaint which was subsequently amended against the three public defenders who represented him in a criminal proceeding and a state trial court judge.[2] The gist of this pleading was that the public defenders had denied his requests for a copy of the criminal proceedings trial transcript and the judge had failed to answer his requests for the trial transcript.
 
 
 5
 The district court dismissed the complaint against the three public defenders for failure to state a claim. The reasoning of the district court was first that public defenders do not act under color of state law and second they were immune from the 1983 claim. The district court in its order granting the Motion to Dismiss also "ORDERED that plaintiff James Brown's court records and transcripts be made available to him for his review by February 15, 1993."
 
 
 6
 The record on appeal subsequently reveals a letter from the district judge to Mr. Brown responding to Mr. Brown's complaint that he did not yet have the court records and transcripts. The district judge stated he had been informed by one of the public defenders all had been delivered and he would presume Mr. Brown's receipt.
 
 
 7
 The district court subsequently granted the state court judge's motion for judgment on the pleadings reasoning the state judge had absolute immunity.
 
 
 8
 Mr. Brown appeals these decisions asserting: (1) the public defenders do not enjoy immunity; (2) the policy of the Wyoming Public Defenders in the handling of indigent criminal defendant's documents is violative of the Fourteenth Amendment; and (3) the district court abused its discretion reversing his prior court order based only on a letter from one of the public defenders.
 
 I.
 
 9
 As a threshold matter we must determine whether or not this court has jurisdiction to decide Mr. Brown's appeal of the district court order granting the state court judge's motion for judgment on the pleadings.
 
 
 10
 The order granting judgment on the pleadings was entered December 11, 1992. Mr. Brown filed his notice of appeal of this order on February 2, 1993. Federal Rules of Appellate Procedure 4 mandates the notice of appeal must be filed within 30 days after entry. It was not. This court must therefore dismiss the appeal of this order for lack of jurisdiction.
 
 II.
 
 11
 42 U.S.C.1983 provides that every person, who under color of state law deprives a person of a federal right is answerable therefore. Grant of a motion to dismiss is reviewed de novo. Mock v. T.G. & Y. Stores Co., 971 F.2d 522, 528-29 (10th Cir.1992).
 
 
 12
 The question we must answer is simple. Were the defendant public defenders acting under color of state law as measured by the allegations of the complaint? The complaint named the public defenders in their individual and official capacities and alleged they denied his requests for the transcripts which rightfully belonged to Mr. Brown.
 
 
 13
 We view Polk County v. Dodson, 454 U.S. 312 (1981), as dispositive. There the Supreme Court analyzed the responsibilities of public defenders and concluded a public defender does not act under color of state law. In Tower v. Glover, 467 U.S. 914 (1984), the Supreme Court modified this rule by concluding public defenders may be liable under 1983 if a conspiratorial action with state officials is proven, but this is not the case before us.[3] We therefore hold the refusal of a state public defender to furnish a copy of a trial transcript to an indigent prisoner represented by the public defender does not state a claim under 1983. We join the Eighth Circuit which, in a similar case, held the decision not to furnish a transcript falls within the attorney-client relationship and does not constitute a state action. See Eling v. Jones, 797 F.2d 697, 699 (8th Cir.1986), cert. denied, 480 U.S. 917 (1987).
 
 
 14
 This holding renders it unnecessary for us to reach the question of the defenders' immunity.
 
 III.
 
 15
 We next address the district court's order to make available to Mr. Brown his court records and transcripts.
 
 
 16
 Mr. Brown wrongfully concludes the district court reversed this order. The district court's letter merely assumed Mr. Brown had received the transcripts. This order has been affirmed and we note the public defenders did not appeal. If Mr. Brown did not receive that which the district court ordered, appropriate remedies exist with the district court, not this court.
 
 
 17
 The appeal of the order granting judgment on the pleadings to the state court judge is dismissed. The motions of the dismissed defendants whose orders dismissing were not appealed are granted and their names are struck from the caption of this appeal. The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 The complaint also named an additional state trial court judge and two clerks of court. Mr. Brown has not appealed their dismissal
 
 
 [3]
 This court will generally not address issues that were not considered and ruled upon by the district court. Farmers Ins. Co. v. Hubbard, 869 F.2d 565, 570 (10th Cir.1989) (citations omitted). Mr. Brown did not specify conspiratorial action as a claim before the district court. Even with the liberal standard afforded pleadings of pro se complainants, see Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir.1988), neither Mr. Brown's complaint nor amended complaint specify facts which, if true, link the defendant public defenders with state officials in an impermissible conspiracy. Mr. Brown's allegations show the estranged correspondence between the public defenders office and its former client, and no more