15 F.3d 1090
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Martha SWEET, Plaintiff-Appellant,
v.
John DALY; Glen E. Tucker; Robert G. Clark; Jean Stone;
Mark Connely; Rodell Fick, Defendants-Appellees.
 No. 92-56388.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 4, 1993.*
Decided Nov. 24, 1993.
 
 Before: SKOPIL, HALL, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 We affirm the dismissal of Martha Sweet's complaint, and award sanctions against June McGee.
 
 
 3
 * John Daly and the other defendants argue that this court lacks jurisdiction over the complaint because Sweet's notice of appeal was not timely filed. Sweet filed her notice of appeal on October 23, 1992, ten days after the district court denied her motion for reconsideration in open court. The district court entered its written order denying the motion for reconsideration on October 29, 1992. Thus, according to Daly, the Notice of Appeal was filed while the motion for reconsideration was pending, and is therefore invalid. We disagree. Under Fed.R.App.P. 4(a)(2), a notice of appeal filed after the announcement of a decision or order but before entry of judgment will be treated as filed after such entry of judgment. Hence, the Notice of Appeal is considered to be timely filed.
 
 II
 
 4
 Conduct of privately retained counsel in defending a lawsuit does not constitute state action. Sinclair v. Spatocco, 452 F.2d 1213, 1213 (9th Cir.1971) (per curiam), cert. denied, 409 U.S. 886 (1972); See also Bilal v. Kaplan, 904 F.2d 14, 15 (8th Cir.1990) (per curiam). Hence, it was not error for the district court to dismiss Sweet's first cause of action under 42 U.S.C. Sec. 1983. The first cause of action also sought damages for conspiracy. To plead a conspiracy, Sweet was required to allege specific facts that appellees reached an understanding with a state actor. Woodrum v. Woodward County, 866 F.2d 1121 (9th Cir.1989). Sweet failed to do so.
 
 
 5
 The second and fourth causes of action allege a conspiracy to violate Sweet's rights. The district court found that this cause of action was surplusage since it repeated the first cause of action. We agree.
 
 
 6
 The third cause of action seeks damages for a violation of 42 U.S.C. Sec. 1986, for neglect to prevent a violation of rights. For the same reasons no claim is stated for violation of the Sec. 1983 cause of action, there is no ground for relief supporting the Sec. 1986 cause of action. Nor was it an abuse of discretion to dismiss the remaining state law causes of action because they were not intertwined with a substantial federal claim. Imagineering, Inc. v. Kiewit Pac. Co., 976 F.2d 1303, 1309 (9th Cir.1992) (exercise of pendent jurisdiction is within discretion of federal district court), cert. denied, 113 S.Ct. 1644 (1993).
 
 III
 
 7
 We review an award of sanctions for abuse of discretion. Cooter & Gell v. Hatmarks Corp., 496 U.S. 384 (1990). In this case, the court carefully considered McGee's complaint and found that it was without any factual basis. The court's decision to award sanctions was not an abuse of discretion.
 
 IV
 
 8
 We possess the authority to sanction a frivolous appeal by "award[ing] just damages and single or double costs." Fed.R.App.P. 38; 28 U.S.C. Sec. 1912. "An appeal is considered frivolous in this circuit when the result is obvious or the appellant's arguments are wholly without merit." In re Brazier Forest Prods., Inc., 921 F.2d 221, 224-25 (9th Cir.1990) (internal quotation marks omitted). This appeal is wholly without merit. We therefore sanction June McGee and award appellees their costs and attorney's fees related to this appeal. The appellees should promptly submit motions detailing their costs and attorney's fees on appeal.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3