27 F.3d 566
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John Patrick McDERMOTT, Plaintiff-Appellant,
v.
Robert Troll LYNCH; Lynch & Lynch Company, Defendants-Appellees.
 No. 94-3071.
 United States Court of Appeals, Sixth Circuit.
 June 22, 1994.
 
 Before: KENNEDY and SILER, Circuit Judges; and BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Ohio state prisoner appeals a district court judgment dismissing his complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages and declaratory relief, John McDermott filed a complaint against his former attorney and the attorney's law firm, alleging that they defrauded him out of $8,000 that he had given them so he could challenge his unspecified criminal conviction. Essentially claiming attorney malpractice, McDermott claimed that the defendants committed fraud, made material misrepresentations to him and acted under false pretenses by taking his money, yet doing nothing to challenge his criminal conviction.
 
 
 3
 The district court construed the complaint as an action filed under 42 U.S.C. Sec. 1983 and dismissed the complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d). In his timely appeal, McDermott argues that the district court improperly construed the complaint as an action filed pursuant to 42 U.S.C. Sec. 1983 and contends that the court did not appropriately exercise its jurisdiction over his complaint. McDermott also seeks the appointment of counsel.
 
 
 4
 Upon review we find no error. This court reviews a judgment dismissing a suit as frivolous under 28 U.S.C. Sec. 1915(d) for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992); Gibson v. R.G. Smith Co., 915 F.2d 260, 261 (6th Cir.1990). A complaint permitted to be filed without prepayment of any costs under 28 U.S.C. Sec. 1915(a), may be dismissed as frivolous only when the plaintiff fails to present any claim with an arguable or rational basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Claims that lack an arguable or rational basis in law include claims for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which clearly does not exist. Id. at 327-28.
 
 
 5
 The district court did not err because McDermott asserted a claim that lacked an arguable or rational basis in law, as it is clear that the court lacked jurisdiction over the asserted claim. The district court lacked jurisdiction under 28 U.S.C. Sec. 1331 because a claim of attorney malpractice simply does not allege a denial of a specific right guaranteed under the Constitution or laws of the United States. Bilal v. Kaplan, 904 F.2d 14, 15 (8th Cir.1990) (per curiam); Schlomann v. Ramsdell, 720 F.2d 20, 21 (8th Cir.1983) (per curiam). Nor did the court have diversity jurisdiction under 28 U.S.C. Sec. 1332 as it appears all parties reside in Ohio, Schlomann, 720 F.2d at 21, and a civil rights claim was not cognizable under 28 U.S.C. Sec. 1343 as the plaintiff does not adequately identify a denial of a constitutional right, id., and the private defendants clearly are not state actors that could subject them to suit under 42 U.S.C. Sec. 1983. Bilal, 904 F.2d at 15.
 
 
 6
 McDermott's appellate argument to the contrary is meritless. McDermott contends that the State of Ohio, although not named as a defendant in his complaint, denied him access to the court and due process of law by dismissing his case for failure to prosecute. He argues that this constitutional deprivation created federal question jurisdiction under 28 U.S.C. Sec. 1331. This argument is ludicrous. A federal district court has no original jurisdiction to reverse or modify a state court judgment. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 485-86 (1983).
 
 
 7
 Accordingly, McDermott's motion for the appointment of counsel is denied, and the district court's judgment is hereby affirm pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.