# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1916

_____

Ray Armando Murillo,              *
                                            *
           Appellant,          *
                                            *   Appeal from the United States
    v.                                 *   District Court for the
                                            *   Western District of Arkansas.
Liz and Stan Bail Bonds, Inc.; Stan   *
Wood,                           *        [UNPUBLISHED]
                                            *
           Appellees.          *

_____

Submitted: June 28, 2005
Filed:   July 8, 2005

_____

Before MELLOY, McMILLIAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

      Ray Armando Murillo, a former Arkansas prisoner, appeals the district court's[1] dismissal of his 42 U.S.C. § 1983 action. Murillo claimed defendants violated his civil rights by misusing and misplacing bond money that was sent to them for

---

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas, adopting the report and recommendation of the Honorable Beverly Stites Jones, United States Magistrate Judge for the Western District of Arkansas.

Murillo's release. For reversal, he argues that the defendants are state actors because they are licensed by the state.

Upon a thorough review of the record and the parties' briefs, we conclude that dismissal was proper. The acts of receiving bail money and applying it to the bond of a prisoner are not traditional government actions but rather, those of a private citizen or corporation. Cf. Dean v. Olibas, 129 F.3d 1001, 1005-06 (8th Cir. 1997); Landry v. A-Able Bonding, Inc., 75 F.3d 200, 204-05 (5th Cir. 1996). Moreover, the licensing and regulation of bail bondsmen do not transform bail bondsmen into state actors. See Blum v. Yaretsky, 457 U.S. 991, 1004-05 (1982); Bilal v. Kaplan, 904 F.2d 14, 15 (8th Cir. 1990).

Accordingly, we affirm. See 8th Cir. R. 47B.

_____