**Dennis SHIPMAN, Appellant**

v.

**LOGISTICS HEALTH, INC., Appellee.**

No. 14–7011.

United States Court of Appeals, District of Columbia Circuit.

July 29, 2014.

Rehearing En Banc Denied Sept. 16, 2014.

Dennis Shipman, Parkville, MD, pro se.

BEFORE: BROWN and KAVANAUGH, Circuit Judges, and GINSBURG, Senior Circuit Judge.

### JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). Upon consideration of the foregoing and the order to show cause filed March 27, 2014, it is

**ORDERED** that the order to show cause be discharged. It is

**FURTHER ORDERED AND AD-JUDGED** that the district court's order filed January 3, 2014, be affirmed. The district court properly dismissed the complaint without prejudice for lack of subject matter jurisdiction because it is not a civil action arising under federal law, *see* 28 U.S.C. §§ 1331, or between citizens of different states with an amount in controversy of more than $75,000, *see* 28 U.S.C. § 1332; nor does the complaint allege any other basis for the district court's jurisdiction. *See also Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir.1990) (per curiam) ("[F]ederal court jurisdiction must affirmatively appear clearly and distinctly. The mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts."). The dismissal without prejudice allows appellant to file a new complaint that sets forth a basis for the district court's subject matter jurisdiction.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.