# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| INEZ QTAISH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  1:23-cv-03477 (UNA) |
| | ) | |
| METRO LAB, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of Plaintiff's *pro se* complaint, ECF No. 1 ("Compl."), and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court will grant the IFP application and, for the reasons explained below, it will dismiss the complaint without prejudice.

Plaintiff, a resident of the District of Columbia, sues Metro Labs, also located in the District. *See* Compl. at 1.  The complaint is spare and cites to no legal authority. *See id.*  Indeed, it unclear what causes of action Plaintiff intends to bring, or what relief she seeks. *See id.*  Plaintiff contends that she required certain medical testing, seemingly relevant to a job application. *See id.* She went to a Metro Labs location and requested a "six panel drug test," but that location could administer only a "ten panel drug test," and she disagrees with some of the medical findings and results of that test. *Id.*  No other information or context is provided. *See id.*

The Court must dismiss this case because Plaintiff has failed to establish the Court's subject matter jurisdiction.  The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332.  Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. §§ 1331-1332. A party seeking relief

in the district court must at least plead facts that bring the suit within the Court's jurisdiction.  *See* Fed. R. Civ. P. 8(a).  Failure to plead such facts warrants dismissal of the action.  *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff fails to raise a federal question.  Plaintiff does not cite any specific statute, treaty, or constitutional provision that grants her a federal cause of action, or identify which, if any, of her federal rights the defendants purportedly violated.  Nor can the Court discern any obvious basis for federal question jurisdiction from the facts given in the complaint.  Her vague allegations "cannot establish this Court's jurisdiction."  *Amiri v. Gelman Mgmt. Co.*, 734 F. Supp. 2d 1, 2-4 (D.D.C. 2010) (dismissing complaint for lack of jurisdiction); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 682 (2009) (explaining that "bare assertions" of a constitutional violation are "not entitled to be assumed true"); *Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009) (per curiam) ("[F]ederal court jurisdiction must affirmatively appear clearly and distinctly." (quoting *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir.1990) (per curiam))).

Plaintiff has also failed to establish diversity jurisdiction.  Both Plaintiff and Defendant are located in the District, *see* Compl. at 1, thereby defeating complete diversity, *see Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)) ("For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant.").

Consequently, this matter is dismissed without prejudice. An order consistent with this memorandum opinion is issued separately.

Date:  November 30, 2023

/s/_____
  ANA C. REYES
  United States District Judge