# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JESSE WALL,                       )
)
          Plaintiff,        )
)      Civil Action No. 1:25-cv-01901 (UNA)
v.                           )
)
UNITED STATES OF AMERICA,    )
)
          Defendant.     )

## MEMORANDUM OPINION

This matter is before the Court for review of Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court grants the IFP Application, and for the reasons discussed below, it dismisses this matter without prejudice.

Plaintiff, a resident of the District, sues the United States. *See* Compl. at 1–2. He asserts that, on February 26, 2025, he filed an administrative claim with the U.S. Office of Personnel Management ("OPM") "outlining negligence, omission, and ongoing sexual harassment" against a D.C. Superior Court judge who presided over one or more of his cases, and his Complaint goes on to cite broad examples of the judge's alleged wrongdoing. *See id*. at 2–3. OPM apparently denied the claim, and Plaintiff now contends that the "denial constitutes a waiver of sovereign immunity under FTCA, as the claim was filed in good faith, timely, and involves conduct within the scope of federal employment." *See id*. at 3. He demands $100 million in damages. *Id.* at 4.

Plaintiff has failed to state a claim. He filed a complaint with OPM challenging the alleged actions of a D.C. Superior Court judge, but OPM only oversees benefits for federal employees, not Superior Court judges. *See* 5 U.S.C. § 1101, *et seq*.

Second, even if Plaintiff had pursued the proper administrative avenue, he has still failed to state a claim. As here, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citation omitted), it still "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of [defendant's] misconduct,'" *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678-79); *see Aktieselskabet AF 21. Nov.2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) ("We have never accepted 'legal conclusions cast in the form of factual allegations' because a complaint needs some information about the circumstances giving rise to the claims." (quoting *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

Plaintiff's Complaint falls well short of this pleading standard. Although he cites quite generally to the FTCA, the U.S. Constitution, and 42 U.S.C. § 1983,[1] *see* Compl. at 1–3, he has nonetheless failed to identify *any* actual wrongdoing by an employee of OPM, save from his mere disagreement with OPM's denial of his claim. Put differently, "the mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts[,]" *Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009) (citing *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir.1990) (per curiam)), and "[e]vents may not have unfolded as Plaintiff wished, but his dissatisfaction[,]" standing alone, cannot "form a basis" for an actionable federal claim, *see Melton v. District of Columbia*, 85 F. Supp. 3d 183, 193 (D.D.C. 2015).

---

[1] Moreover, § 1983 does not apply to federal officials acting under color of federal law. *Settles v. United States Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005).

For all the above stated reasons, this case is dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.

Date:   August 21, 2025               _____/s/_____
                                      JIA M. COBB
                                      United States District Judge