Debra Vogt SIPKA and her minor children Matthew and Michael, Plaintiffs,

v.

Judge H. David SOET, acting for the 17th Circuit Court and the State of Michigan, Kenneth J. Sanders, and David L. Sipka, Defendants.

Civ. A. No. 91–1033–T.

United States District Court, D. Kansas.

March 15, 1991.

---

Debra Vogt Sipka, pro se.

## MEMORANDUM AND ORDER

THEIS, District Judge.

This matter is before the court on the court's own motion. The plaintiff Debra Vogt Sipka, proceeding pro se, filed this action, alleging that she was denied due process and equal protection, and that full faith and credit was not given to a State of Kansas court order. Plaintiff alleges jurisdiction under 42 U.S.C. §§ 1983, 1985 and 18 U.S.C. §§ 241–242. Plaintiff also alleges jurisdiction based on diversity of citizenship. Plaintiff alleges that defendants have denied her the right to present evidence and cross-examine witnesses and that defendant Judge Soet has denied full faith and credit to the orders of another state court. Plaintiff alleges that some or all of the defendants are engaged in a conspiracy to deprive her and her children of their constitutional rights. Plaintiff alleges that defendants have refused to grant full faith and credit to the prior protective orders issued by the District Court of Marion County, Kansas and upheld by the Kansas Court of Appeals. Plaintiff seeks temporary and permanent injunctive relief against all Michigan state court action and money damages in an amount in excess of $50,000. Doc. 1.

Plaintiff filed an emergency motion for immediate consideration and motion for temporary restraining order on January 24, 1991. Doc. 2. After meeting with the plaintiff and several of her family members in chambers, the court informed plaintiff that it could not restrain Judge Soet from conducting a hearing scheduled for the next day in Michigan.

Plaintiff's brief in support of her emergency motion sheds additional light on her complaints. Plaintiff alleges that during a hearing on November 19, 1990, Judge Soet placed her in default and denied her and her children their constitutional rights. Plaintiff alleges that the Judge made decisions affecting property, custody, and freedom of association and prevented her attorney from presenting evidence (including certain protective orders issued by the Kansas court) or cross-examining witnesses.

Plaintiff alleges that the natural father David L. Sipka has been ordered by the court in Kansas to have no contact with the minor children. This order has been upheld on appeal to the Kansas Court of Appeals. Plaintiff alleges that Judge Soet has refused to give full faith and credit to these court orders. Doc. 3.

The referenced court orders are attached to plaintiff's complaint as Exhibits A and B. The District Court of Marion County, Kansas ordered that the natural father, David Sipka, have no custodial or visitation rights, for reasons that need not be discussed here. The court awarded custody of the minor children to Debra Sipka and ordered that the children not be removed from the court's jurisdiction. The Kansas Court of Appeals affirmed in an unpublished opinion which was not further appealed.

I. Propriety of Injunctive Relief

The Anti–Injunction Act provides:

A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283. This section is inapplicable to the present case because 42 U.S.C. § 1983 is an express statutory exception to its application. *See Gibson v. Berryhill*, 411 U.S. 564, 93 S.Ct. 1689, 36 L.Ed.2d 488 (1973); *Mitchum v. Foster*, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972).

Principles of equity, comity and federalism must restrain a federal court when asked to enjoin a state court proceeding. *See Mitchum*, 407 U.S. at 243, 92 S.Ct. at 2162–63; *Gibson*, 411 U.S. at 573, 93 S.Ct. at 1695. As the Supreme Court stated in *Gibson*, these principles have been emphasized many times by the Court, albeit under a variety of different rubrics. 411 U.S. at 573, 93 S.Ct. at 1695. There is the doctrine, usually applicable when injunctive relief is sought, that a party must exhaust his available administrative remedies before invoking the equitable jurisdiction of the court. *Id.* at 573, 93 S.Ct. at 1695. There is the basic principle of federalism that a federal court may not enjoin a pending state criminal prosecution in the absence of special circumstances suggesting bad faith, harassment or irreparable injury that is both serious and immediate. *Id.* at 573–74, 93 S.Ct. at 1695–96. Finally, there is the doctrine that when confronted with issues of constitutional magnitude which implicate or depend on unsettled questions of state law, the federal court should abstain and stay its proceedings until those state law questions are resolved. *Id.* at 574, 93 S.Ct. at 1695–96.

When an injunction is sought against state civil proceedings, "principles of equity nonetheless militate heavily against the grant of an injunction except in the most extraordinary circumstances." *Rizzo v. Goode*, 423 U.S. 362, 379, 96 S.Ct. 598, 608, 46 L.Ed.2d 561 (1976). The same principles of federalism which apply when a federal court is asked to enjoin state criminal proceedings may prevent the injunction by a federal court of a state civil proceeding once begun. *Id.* at 380, 96 S.Ct. at 608–09. The pendency of a state court civil action calls for restraint by the federal court and for dismissal of the complaint unless extraordinary circumstances are

present warranting federal action or unless state remedies are inadequate to litigate the federal due process claim. *Trainor v. Hernandez,* 431 U.S. 434, 446, 97 S.Ct. 1911, 1919, 52 L.Ed.2d 486 (1977).

■ The court finds that plaintiff's claim for injunctive relief against the pending state court action is subject to dismissal. The plaintiff has not alleged that the pending Michigan divorce and custody action was brought in bad faith or for the purposes of harassment. From the matters before the court, it does not appear that there is any risk of a serious, immediate irreparable injury. Should custody of the minor children be awarded to the natural father, the plaintiff mother would have a right to appeal that decision through the Michigan appellate courts. Further, since the children are present in the State of Kansas (and have been ordered to remain in this State pursuant to unassailed court orders) there appears to be no risk of irreparable harm as long as they remain within this State. The court does not find extraordinary circumstances warranting federal action. There is nothing before the court to indicate that plaintiff could not raise her full faith and credit and other arguments to the Michigan courts on appeal. The court does not find state remedies to be inadequate.

II. Section 1983

■ The criminal statutes relied upon by plaintiff, 18 U.S.C. §§ 241–242, neither give this court jurisdiction nor create a private civil cause of action. The court shall therefore focus on plaintiff's claims pursuant to 42 U.S.C. §§ 1983, 1985. Section 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Section 1983 does not create any substantive rights, but provides a recovery for the deprivation of federal rights. Therefore, to establish a cause of action under section 1983, a plaintiff must allege (1) the deprivation of a federal right by (2) a person acting under color of state law. *Gomez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920, 1923–24, 64 L.Ed.2d 572 (1980); *Watson v. City of Kansas City, Kansas,* 857 F.2d 690, 694 (10th Cir.1988).

■ In an action under section 1983, the court must inquire whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Martinez v. California,* 444 U.S. 277, 284, 100 S.Ct. 553, 558–59, 62 L.Ed.2d 481 (1980). Plaintiff has alleged the deprivation of various rights secured by the Constitution of the United States (due process and equal protection). The next matter is for the court to determine whether this alleged deprivation was by a person acting under color of state law.

■ The court will first examine whether the alleged deprivation was made by a person acting under the color of state law. Judge Soet is a state official; however, he is immune from suit. Judges defending against section 1983 actions are absolutely immune from damage liability for acts performed in their judicial capacities. *Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). The necessary inquiry in determining whether a judge is immune from suit is whether at the time he took the challenged action he had jurisdiction over the subject matter before him. The scope of the judge's jurisdiction must be construed broadly when the issue is his immunity. *Id.* at 356, 98 S.Ct. at 1104–05. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Id.* at 356–57, 98 S.Ct. at 1105 (quoting *Bradley v. Fisher,* 13 Wall. 335, 351, 20 L.Ed. 646 (1872)). This court can-

not say that Judge Soet acted in the clear absence of all jurisdiction. It is apparent from the matters before the court that the States of Kansas and Michigan are in disagreement over which State should determine the custody of the minor children; consequently, both States have acted. Judge Soet apparently has jurisdiction over the divorce proceedings, including property division. Judge Soet is absolutely immune from damage liability.

The other individual defendants are not alleged to be state officials. Private persons who conspire with a state judge in connection with an official judicial act are acting under color of state law within the meaning of section 1983, despite the fact that the judge is immune. *Dennis v. Sparks*, 449 U.S. 24, 29, 101 S.Ct. 183, 187, 66 L.Ed.2d 185 (1980). Plaintiff's complaint contains only the most conclusory allegations of conspiracy which the court finds are insufficient to state a claim. Plaintiff has not alleged the elements of a civil conspiracy (a plan, common motive, overt acts).

Parents have a fundamental liberty interest in the care, custody and management of their children. *See Santosky v. Kramer*, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982); *Stanley v. Illinois*, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972). A parent who is wrongfully deprived of physical custody of his or her children without due process of law has a cause of action under section 1983. *See Hooks v. Hooks*, 771 F.2d 935 (6th Cir.1985). In the present case, plaintiff Debra Sipka has not been wrongfully deprived of the physical custody of her children. According to her allegations, she presently has physical custody of her children pursuant to orders of the Kansas courts. Since she has not been deprived of the custody of her children, she has not suffered an injury which the court can redress and the action is not ripe for adjudication. If the plaintiff does lose physical custody of her children, an action may be appropriate. Until and unless plaintiff has been deprived of a liberty interest—whether it is the custody of her children or her own liberty through imprisonment for contempt of the Michigan court's order—the claim is not ripe for adjudication.

### III. Section 1985

Plaintiff has not specified upon which subsection of section 1985 she is relying. The court must assume that plaintiff seeks to bring this action pursuant to section 1985(3), which provides in relevant part:

If two or more persons in any State or Territory conspire ... for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; ... in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3). This statute by its terms provides a remedy for the deprivation of equal protection or equal privileges and immunities, but not due process rights. This statute reaches purely private conspiracies to deprive others of legal rights. *Griffin v. Breckenridge*, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971).

To state a cause of action under section 1985(3), a complaint must allege: that the defendants did (1) 'conspire or go in disguise on the highway or on the premises of another' (2) 'for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the

laws.' It must then assert that one or more of the conspirators (3) did, or caused to be done, 'any act in furtherance of the object of [the] conspiracy,' whereby another was (4a) 'injured in his person or property' or (4b) 'deprived of having and exercising any right or privilege of a citizen of the United States.' *Griffin,* 403 U.S. at 102–03, 91 S.Ct. at 1798–99; *see Phelps v. Wichita Eagle–Beacon,* 886 F.2d 1262, 1272 (10th Cir.1989). Section 1985(3) requires some racial or otherwise class-based invidiously discriminatory animus behind the conspirators' action. *Griffin,* 403 U.S. at 102, 91 S.Ct. at 1798; *see also United Brotherhood of Carpenters & Joiners v. Scott,* 463 U.S. 825, 835, 103 S.Ct. 3352, 3359–60, 77 L.Ed.2d 1049 (1983); *Abercrombie v. City of Catoosa,* 896 F.2d 1228, 1231 n. 2 (10th Cir.1990); *Koch v. City of Hutchinson,* 814 F.2d 1489, 1495 (10th Cir.1987).

■ Plaintiff's claim based on section 1985(3) is subject to dismissal. Plaintiff has not alleged a racial or class-based animus on the part of defendants. She has not alleged that she is the member of a class entitled to protection under section 1985(3). Plaintiff has alleged a conspiracy, but has not alleged what overt acts were done in furtherance of the conspiracy and specifically how she has been deprived of or prevented from exercising any right or privilege of citizenship.

## IV. Full Faith and Credit—the Parental Kidnapping Prevention Act

■ The Parental Kidnapping Prevention Act of 1980, 28 U.S.C. § 1738A, contains the relevant full faith and credit provision:

(a) The appropriate authorities of every State shall enforce according to its terms, and shall not modify except as provided in subsection (f) of this section, any child custody determination made consistently with the provisions of this section by a court of another State.

.    .    .    .    .

(f) A court of a State may modify a determination of the custody of the same child made by a court of another State, if—

(1) it has jurisdiction to make such a child custody determination; and

(2) the court of the other State no longer has jurisdiction, or it has declined to exercise such jurisdiction to modify such determination.

This Act does not support an implied cause of action in federal court to determine which of two conflicting state custody decisions is valid. *Thompson v. Thompson,* 484 U.S. 174, 108 S.Ct. 513, 98 L.Ed.2d 512 (1988).

## V. Diversity of Citizenship

■ Under the domestic relations exception to federal diversity jurisdiction, the federal courts have declined to accept jurisdiction over domestic relations or custody disputes subject to state law and state court disposition. *See Hooks v. Hooks,* 771 F.2d 935, 942 (6th Cir.1985). Adjudication of plaintiff's alleged civil rights violation, to the extent she seeks damage relief (a claim which is not yet ripe), would not require the court to exercise jurisdiction over or resolve state law matters within the scope of the domestic relations exception.

The court wishes to note that plaintiff's remedy appears to lie with the Michigan appellate courts. The Michigan courts, both trial and appellate, have always been foremost in their salutary interpretations and enforcement of state and federal constitutions and laws. There is no valid reason to believe that the Michigan courts would not observe the full faith and credit provisions of the United States Constitution and federal statutory law. The plaintiff could appeal any final order entered by Judge Soet which is inconsistent with the prior orders of the Kansas courts, assuming that plaintiff should contend that the Michigan court has failed to give full faith and credit to the decisions of the Kansas courts.

The court would also note that the plaintiffs' constitutional right to interstate trav-

el[1] may be implicated; however, this matter has not been pleaded and is therefore not properly before the court. It does not appear that an unfettered forum should exist for final resolution of this apparent conflict of laws dispute.

IT IS BY THE COURT THEREFORE ORDERED that plaintiffs' complaint be dismissed with prejudice as to the claim for money damages from defendant Judge H. David Soet and dismissed without prejudice as to the remaining defendants and claims.

---

**1.** *See, e.g., Griffin v. Breckenridge,* 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971); *Shapiro v. Thompson,* 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969); *United States v. Guest,* 383 U.S. 745, 86 S.Ct. 1170, 16 L.Ed.2d 239 (1966).